## Commonwealth v. Runkle

*Floyd P. Jones, Assistant District Attorney*, for Commonwealth.

*Alan C. Cashman*, for defendant.

ERB, *J.*, January 29, 1979—This matter is before the court on the pretrial application filed by defendant requesting the suppression of evidence. The Commonwealth and defendant have stipulated that the testimony presented before the magistrate at the preliminary hearing on Monday, July 10, 1978, which has been transcribed and submitted to the court, may be considered by the court without the taking of additional testimony.

This testimony reveals that as a result of a private complaint, enforcement officers of the Pennsylvania Liquor Control Board entered, without securing a search warrant, the premises of a licensed club to inspect for gambling devices. Having discovered gambling devices on the premises, they notified officers of the Pennsylvania State Police, who on that information secured a search warrant.

The officers searched the premises, pursuant to the search warrant and found the gambling devices. Defendant is now asking that the evidence of these gambling devices be suppressed.

The facts of this case, for all intents and purposes, are identical to the facts presented in the case of Com. v. Jean Marie Neiderer, no. 530 C.A. 1977, York County, Pa.

This court, in that case, decided that it was not necessary for the Liquor Control Board agents to secure a search warrant in order to inspect premises. Defendant argues that we should reconsider that decision, arguing that agents have only the authority to inspect for those violations specifically set forth in the Pennsylvania Liquor Code of April 12, 1951, P.L. 90, art. 4, sec. 493, as amended, 47

P.S. §4-493. We do not agree with this contention.

Neither the court nor the regulations adopted by the Liquor Control Board place any restrictions on the right of authorized representatives of the board to be admitted to a club house or club quarters to inspect completely such premises at any time during which such club is open for the transaction of business. One of the duties of the board is to supervise the licensing of premises for the sale of liquor and malt brewed beverages as we indicated in Com. v. Jean Marie Neiderer, supra.

The courts have consistently held that the board shall be justified in suspending licenses if gambling is permitted in a licensed premises. Under those circumstances, we see no reason for reversing our previous decision and incorporate it as authority for our determination of the case.

Accordingly, we enter the following

## ORDER

And now, January 29, 1979, the request of defendant to suppress the evidence secured by the search warrant is denied with an exception being granted to defendant.